STATE OF HAWAI`I, Respondent/Plaintiff-Appellant
v.
SHAYNE EDRALIN, Petitioner/Defendant-Appellee
No. 29061
Supreme Court of Hawaii.
September 15, 2009.
William Jameson (Linda C.R. Jameson on the brief and application) for petitioner/defendant-appellee.
Brian R. Vincent for respondent/plaintiff-appellant State of Hawai`i.

MEMORANDUM OPINION
MOON, C.J., NAKAYAMA, ACOBA, DUFFY, and RECKTENWALD, JJ.
Petitioner/Defendant-Appellee Shayne Edralin (Petitioner) filed a petition for writ of certiorari on June 10, 2009 (Application), seeking review of the judgment of the Intermediate Court of Appeals (ICA) filed on March 12, 2009, pursuant to its February 20, 2009 memorandum opinion (MOP)[1] vacating the February 11, 2008 "Order Granting Defendant's Motion to Suppress Evidence and Statements" (Suppression Order) filed by the circuit court of the first circuit (the court).[2] See State v. Edralin, No. 29061, 2009 WL 428555 (Haw. App. Feb. 20, 2009).
On March 19, 2007, Petitioner was charged by written complaint with Terroristic Threatening in the First Degree, under Hawai`i Revised Statutes (HRS) § 707-716(1)(c) (Supp. 2006) and/or HRS § 707-716(1)(d) (Supp. 2006)[3]. On August 27, 2007, Petitioner filed a Motion to Suppress Evidence and Statements (Motion to Suppress). The specific items Petitioner sought to suppress were a knife and a sock filled with coins allegedly used by Petitioner to commit the offense of terroristic threatening and "any and all evidence, statements and actions that constitute `fruits of the poisonous tree.'" The Motion was based on Petitioner's assertion that there was no reasonable suspicion or probable cause to justify his initial seizure, which occurred prior to the actions that allegedly constituted terroristic threatening. Respondent/Plaintiff-Appellant State of Hawai`i (Respondent) filed a "Memorandum in Opposition to [Petitioner's] Motion to Suppress Evidence and Statements" on November 1, 2007.
On November 7, 2007, the court held a hearing on the Motion to Suppress. On November 21, 2007, the court held a further hearing on the motion, and after additional argument, orally granted the Motion to Suppress. The court filed its Suppression Order, supported by a Statement of Facts and Conclusions of Law, on February 11, 2008.
On March 7, 2008, the court held another hearing to clarify what evidence was covered by the Suppression Order. The court stated in relevant part at this hearing:
THE COURT: . . . So what I wish to clarify for [Respondent] is that the basis for the [c]ourt's granting the motion was both the initial seizure of [Petitioner], his continuous seizure, and his order to open his hand which the [c]ourt considers a search. So all the evidence derived from the seizure of [Petitioner], including the observations of the officer, is suppressed and precluded from trial.
(Emphasis added.)
Petitioner does not challenge any of the court's findings of fact (findings) in his Application, and Respondent did not challenge the findings in its Opening Brief. Hence the findings are binding. Kelly v. 1250 Oceanside Partners, 111 Hawai`i 205, 227, 140 P.3d 985, 1007 (2006) ("Generally, a court finding that is not challenged on appeal is binding upon [the appellate court]."). Moreover, "[a] conclusion of law [(conclusion)] that is supported by the trial court's findings of fact and that reflects an application of the correct rule of law will not be overturned." Dan v. State, 76 Hawai`i 423, 428, 879 P.2d 528, 533 (1994).
Based on the findings issued by the court as to the motion to suppress, which are binding on this court, as they were on the ICA, there is no indication that the court's conclusions were unsupported, or represented an incorrect statement of the law. The Suppression Order was therefore properly supported by the court's findings and conclusions. Thus, the ICA gravely erred in concluding that the court erred in suppressing the evidence. Therefore, the ICA's decision is reversed, and the court's February 11, 2008 Suppression Order is hereby affirmed.
NOTES
[1] The MOP was filed by Presiding Judge Corinne K.A. Watanabe and Associate Judge Daniel R. Foley, with a separate concurring opinion filed by Associate Judge Craig H. Nakamura.
[2] The Honorable Dexter D. Del Rosario presided.
[3] HRS § 707-716(1)(c)-(d) & (2) provides in relevant part:

(1) A person commits the offense of terroristic threatening in the first degree if the person commits terroristic threatening:
. . . .
(c) Against a public servant arising out of the performance of the public servant's official duties. For the purposes of this paragraph, "public servant" includes but is not limited to an educational worker. "Educational worker" has the same meaning as defined in section 707-711; [or]
(d) With the use of a dangerous instrument.
(2) Terroristic threatening in the first degree is a class C felony.
(Emphases added.)
HRS § 707-715 (Supp. 2008) provides that
[a] person commits the offense of terroristic threatening if the person threatens, by word or conduct, to cause bodily injury to another person or serious damage to property of another or to commit a felony:
(1) With the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person; or
(2) With intent to cause, or in reckless disregard of the risk of causing evacuation of a building, place of assembly, or facility of public transportation.
(Emphases added.)
HRS § 707-700 (Supp. 2008) provides in relevant part that
"[d]angerous instrument" means any firearm, whether loaded or not, and whether operable or not, or other weapon, device, instrument, material, or substance, whether animate or inanimate, which in the manner it is used or is intended to be used is known to be capable of producing death or serious bodily injury.